**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Lark Fogel

              Plaintiff,

v.

One Main Financial

              Defendant.

# COMPLAINT

For this Original Complaint, Plaintiff, Lark Fogel, pro se, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"),

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

6. Plaintiff, Lark Fogel (hereafter "Plaintiff"), is an adult individual residing in Kiowa, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, One Main Financial ("One Main"), is a Delaware Corporation with a principal place of business at 300 St. Paul Pl., Baltimore, MD 21202 and may be served with process by serving it registered agent at the Corporation Trust CO., Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Defendant is operating as a banking/lending institution, and is a "furnisher" of consumer information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

8. On or about October 16, 2007, Plaintiff borrowed $11,922.41 from Defendant. This loan paid off a prior obligation to Defendant in the amount of $8,440.93 which was an unsecured loan.  Plaintiff borrowed an additional $3,459.28, and paid a finance charge of $139.26, making the total principal obligation to Defendant the amount of $11,922.41. Plaintiff received an amount of $3,459.28 in new funds from Defendant at that time. In order to approve the loan for new funds, Defendant demanded security in the form of a security interest

under the Uniform Commercial Code for the following property: 1997 Lexus Model LX450, Identification No. JT6HJ88J2V0184593. Defendant took title to this property and transferred the certificate of title to "Citifinancial Corporation" (Exhibit A).  Prior to this refinance of October 16, 2007, the entire loan with a previous balance of $8440.93 was unsecured.

9. Plaintiff has made payments against the note of October 16, 2007 and the balance due is currently $7217.94.

10. One Main has been inaccurately reporting its tradeline for this consumer loan on credit reporting bureaus Equifax, Experian, and Trans Union as "unsecured".

11. On or about January 11, 2011, and January 9, 2012 Plaintiff wrote letters to One Main requesting it return the title for the above described security, as the note balance was reported as unsecured.

12. To date, the title to the security has not been returned to Plaintiff, and the Defendant continues to report the debt as "unsecured".

13. Trans Union, Experian, and Equifax continue to erroneously report the One Main account, as directed to by One Main.

# COUNT I
# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C. § 1681, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

9. One Main violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill its duties under the FCRA by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding the same; by failing to accurately respond to Plaintiff's demand for return of the security; by failing to correctly report results of an accurate investigation to every credit reporting agency; and by failing to permanently correct its own internal records to prevent re-reporting of One Main's representations to the consumer reporting agencies.

10. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

11. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

12. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## NEGLIGENT, RECKLESS AND WANTON CONDUCT BY DEFENDANT ONE MAIN

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. One Main's acts, as described herein, were done negligently and without care or concern for the well-being of Plaintiff.

15. As a proximate consequence of One Main's negligence, Plaintiff has suffered severe emotional and mental distress.

16. As a result of One Main's unlawful acts, One Main is liable to Plaintiff for actual, compensatory, and punitive damages, as well as costs and attorney's fees.

## COUNT III
## VIOLATIONS OF COLORADO DECEPTIVE TRADE PRACTICES ACT

17. Plaintiff would further show the acts described herein constitute an unfair or deceptive trade practice;

18. The acts on the part of Defendant occurred in the course of Defendant's business, vocation, or occupation.

19. The acts on the part of Defendant significantly impact the public as actual or potential consumers of the Defendant's goods, services, or property.

21. Plaintiff would show Defendant's actions violate C.R.S. 6-1-105 et seq. in the following manner as Defendant has represented that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another;

22. Defendant has made false or misleading statements of fact concerning the price of goods, services or property.

23. Plaintiff is entitled to the greater of:
  (I) The amount of actual damages sustained; or
  (II) Five hundred dollars; or
  (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that the defendant engaged in bad faith conduct.

20. The plaintiff suffered injury in fact to a legally protected interest; and

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered:

24. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against Defendant;

25. Attorneys fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against Defendant;

26. Actual damages for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for Plaintiff;

27. Punitive damages; and

28.  Damages, attorney fees, and costs pursuant to C.R.S. 6-1-105 et. seq.

28. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 30, 2012

                                        Respectfully submitted,

                                        By _/s/ Lark Fogel_____

>Law Office of Lark Fogel.
>PO Box 2486
>Elizabeth, CO 80107
>Telephone: (303) 596-4838
>Facsimile:  (303) 646-0610
>Pro Se Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of March, 2012, a copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system.

 /s/ Lark H. Fogel