IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00817-PAB-MEH

LARK FOGEL,

    Plaintiff,

v.

ONE MAIN FINANCIAL,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Unopposed to Compel Arbitration and Stay Proceedings and Supporting Brief [filed April 24, 2012; docket #8]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. As reflected by the Motion's title, Plaintiff does not oppose the relief requested. For the reasons that follow, this Court respectfully recommends that the motion be **granted**.[1]

**I.    Background**

As part of a loan transaction between Plaintiff and Defendant, both parties executed an

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

arbitration agreement. (Docket #8-2.)   The arbitration agreement provides that "all disputes" between the parties "will be resolved by mandatory, binding, arbitration[.]" (*Id*. at 2.)  The scope of the potential disputes includes "any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereinafter existing between the parties." (*Id*. at 2.)

Plaintiff initiated this lawsuit *pro se* on March 30, 2012, alleging, among other claims, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (Docket #1.) Plaintiff's claims arise from an October 16, 2007 loan transaction with Defendant. (*Id*. at 2-3.) On April 24, 2012, Defendant filed the present motion seeking to compel arbitration and to stay all proceedings. (Docket #8.) Because Plaintiff does not oppose the motion, she did not file a response. (*Id*. at 1.)

**II.     Discussion**

    A.     <u>Arbitration</u>

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 3, a district court *must* stay or dismiss judicial proceedings when a written agreement provides that the subject of the litigation must be submitted to arbitration. "'There is a strong federal policy favoring arbitration for dispute resolution.'" *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/American Express, Inc.,* 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2-124 v. American Oil Co.,* 528 F.2d 252, 254 (10th Cir. 1976)).[2]

On the other hand, arbitration is a contractual matter, and parties may not be required to submit to arbitration claims to which they have not contractually agreed to submit.  *AT&T Techs.,*

---

[2]The presumption in favor of arbitration "disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. American Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir. 2002).

*Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986); *see also Coors Brewing Co.*, 51 F.3d at 1516.  Only claims having "a reasonable factual connection to the contract" are arbitrable.  *Coors Brewing Co.*, 51 F.3d at 1516.   The question of whether the parties agreed to arbitrate is to be decided by the court.  *AT&T Techs.*, 475 U.S. at 648-49.

Defendant asserts, and Plaintiff does not dispute, the existence of a valid and enforceable arbitration agreement.  Likewise, Plaintiff does not contest that the claims asserted in this lawsuit are within the broad scope of the parties' agreement and suitable for arbitration.  Upon review of the arbitration agreement and in consideration of the arguments set forth in Defendant's unopposed motion, the Court agrees that a valid arbitration agreement exists and that Plaintiff's claims fall within its scope.  Therefore, the Court recommends the District Court compel Plaintiff to pursue her claims through arbitration.

      B.      Stay of Proceedings

When the parties have entered into an arbitration agreement, and either party requests a stay of the case pending arbitration, the Court must stay the case.  9 U.S.C. § 3.  Here, Defendant has requested a stay; thus, this Court recommends that Defendant's request be granted pending the outcome of the arbitration.

**III.**    **Conclusion**

The parties in this matter have agreed to submit to arbitration the claims raised in the Complaint, which are related to a loan transaction between the parties.  Therefore, the Court respectfully recommends that Defendant's Unopposed to Compel Arbitration and Stay Proceedings and Supporting Brief  [filed April 24, 2012; docket #8] be **GRANTED**, and that this action be stayed pending the conclusion of the arbitration process.

DATED this 9th day of May, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge